**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ERIC M.,

                    Plaintiff,

                                                    3:25-CV-511
     v.                                             (DJS)

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
_____

APPEARANCES:                              OF COUNSEL:

LACHMAN & GORTON                          PETER A. GORTON, ESQ.
Attorney for Plaintiff
1500 E. Main Street
P.O. Box 89
Endicott, NY 13760-0089

U.S. SOCIAL SECURITY ADMIN.               FERGUS J. KAISER, ESQ.
OFFICE OF THE GENERAL COUNSEL
Attorney for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

1

## __MEMORANDUM-DECISION AND ORDER__[1]

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled.  Dkt. No. 1.  Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings, Dkt. Nos. 9 & 12, and Defendant's Motion for Judgment on the Pleadings.   Dkt. No. 11.  For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied.

### I.  BACKGROUND

### A.  Factual Background

Plaintiff was born in 1982 and has past work experience as a patient care technician.  Dkt. No. 6, Admin. Tr. ("Tr."), pp. 1352 & 1788.  Plaintiff reported having received an associate's degree.  Tr. at p. 1347.  Plaintiff alleges disability based on degenerative disc disease, bipolar disorder, major depression, pain down the legs, bilateral plantar fasciitis, diabetes, obesity, arthritis, bilateral carpal tunnel, and sleep apnea.  Tr. at p. 254.

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  *See* Dkt. No. 5 & General Order 18.

**B. Procedural History**

Plaintiff applied for disability on June 3, 2022, with an alleged onset disability date of April 26, 2019.  Tr. at p. 110.  Plaintiff's application for disability insurance benefits was denied on July 14, 2022, Tr. at pp. 128-132, and upon reconsideration on September 2, 2022.  Tr. at pp. at 149-60.  Plaintiff thereafter timely requested a hearing before an Administrative Law Judge ("ALJ").  *See* Tr. at p. 163.  Plaintiff subsequently appeared and testified at a hearing before ALJ Jennifer Gale Smith on September 7, 2023.  Tr. at pp. at 35-65.  A vocational expert also testified at the hearing.  *Id.*  On October 11, 2023, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act.  Tr. at pp. 10-15.  On November 13, 2023, the Appeals Council denied Plaintiff's request for review.  Tr. at pp. 1-6.  Plaintiff filed a lawsuit in U.S. District Court for the Northern District of New York on January 9, 2024.  Tr. at pp. 1844-51.  The case was remanded by party stipulation on May 1, 2024, Tr. at pp. 1852-53, and a second hearing was held before ALJ Smith on December 19, 2024.  Tr. at pp. 1784-1810.  On December 31, 2024, the ALJ issued a decision finding Plaintiff was not disabled, thereby making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1766-77.

### C.  The ALJ's Decision

The ALJ found that Plaintiff met the insured status requirements under the Social Security Act from April 26, 2019, to December 31, 2021, and he had not engaged in substantial gainful activity during that period.  Tr. at p. 1769.  Second, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine, plantar fasciitis, obesity, a depressive disorder, bipolar disorder, an anxiety disorder, and PTSD.  *Id.*  Third, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1.  Tr. at p. 1770.  Fourth, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations:

> he should not balance (as defined in the SCO), kneel, crouch, crawl or climb ladders/ropes/scaffolds. The claimant can occasionally stoop and climb ramps/stairs. At times, the claimant can use a cane for ambulation, but he retains the ability to carry small objects with his free hand. The claimant should be able to change positions and/or walk around during ordinary breaks and the lunch hour. The claimant can understand, remember, and carry out simple instructions. He can use judgment to make simple, work-related decisions. The claimant can work at a job with occasional changes in the work setting. He cannot perform work requiring a specific production rate, such as an assembly line, or perform work that requires hourly quotas. He can have occasional contact with coworkers, supervisors, and the public.

4

Tr. at p. 1772. Next, the ALJ found that Plaintiff could not perform his past relevant work. Tr. at p. 1775. Lastly, the ALJ found that the Plaintiff could perform work existing in significant numbers in the national economy. Tr. at pp. 1776-77. As a result, the ALJ found that Plaintiff was not disabled as defined in the Social Security Act. Tr. at p. 1777.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022). Rather, the Commissioner's determination will be reversed only if the ALJ did not apply the correct legal standards, or if the determination was not supported by substantial evidence. *Moran v. Astrue*, 569 F.3d 108, 113 (2d Cir. 2009). "Substantial evidence" is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation omitted).

On an appeal, to determine whether substantial evidence supports the ALJ's findings, the Court considers "the whole record, examining the evidence from both sides" because analysis of the evidence's substantiality must include information "which detracts from its weight." *Stacy D. v. Comm'r of Soc. Sec.*, 358 F. Supp. 3d 197, 201

(N.D.N.Y. 2019) (internal quotation omitted) (quoting *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988)).  If the Commissioner's finding is supported by substantial evidence, it must be sustained "even where substantial evidence may [also] support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Thomas C. W. v. Kijakazi*, 666 F. Supp. 3d 202, 215 (N.D.N.Y. 2023) (internal quotation and citation omitted) (alteration in original).

### B.  Standard to Determine Disability

The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court has recognized the validity of this evaluation process.  *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003).

The five-step process first asks "whether the claimant is currently doing substantial gainful activity."  *Nunez v. Comm'r of Soc. Sec.*, 164 F.4th 60, 67-68 (2d Cir. 2025) (internal quotation and citation omitted).  Step two considers "whether the claimant has a severe impairment or combination of impairments."  *Id.* (internal quotation omitted) (quoting *Estrella v. Berryhill*, 925 F.3d 90, 94 (2d Cir. 2019)).  Step three then examines whether the impairment meets or equals the severity of specific impairments in the Listing of Impairments.  *Id.*  Step four analyzes, based on the claimant's RFC assessment, "whether the claimant can perform any of their past relevant

work." *Id.* (internal quotation and citation omitted). Lastly, step five "evaluates 'whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's [RFC], age, education, and work experience.'" *Id.* (quoting *Estrella v. Berryhill*, 925 F.3d at 94) (alteration in original).

"If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Schillo v. Kijakazi*, 31 F.4th at 70 (internal quotation omitted) (quoting *Barnhart v. Thomas*, 540 U.S. at 24) (alteration in original).

## III. DISCUSSION

### A. Reliance on Evidence After Date Last Insured

Plaintiff argues that the ALJ erred in her RFC determination by considering evidence from after the relevant period of April 26, 2019 to December 31, 2021, and after Plaintiff received epidural steroid injections beginning on June 30, 2021. Dkt. No. 9, Pl.'s Mem. of Law at p. 8. The Commissioner concedes that "the ALJ did indeed discuss some later evidence, [but] courts have found that evidence post-dating the close of the relevant period may still be relevant to assessing the individual's functioning during the relevant period." Dkt. No. 11, Def.'s Mem. of Law at p. 7. The Court remands this matter for further clarification regarding the ALJ's consideration of post date last insured ("DLI") evidence.

7

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, reviewing courts consider the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). "While post-DLI evidence may be relevant to establish the existence of a condition during the insured period, it is improper to use post-DLI evidence to support a conclusion that the condition was not severe during the insured period." *Annmarie v. Dudek*, 2025 WL 814772, at *5 (N.D.N.Y. Mar. 13, 2025). An ALJ may err in only considering post-DLI evidence that supports his or her conclusion and ignoring evidence supporting a finding of disabled. *Picatelli v. O'Malley*, 2024 WL 996740, at *8 (E.D.N.C. Feb. 12, 2024), *report and recommendation adopted*, 2024 WL 992232 (E.D.N.C. Mar. 7, 2024) (The ALJ erred by citing "the post-DLI evidence where it supported his finding that Claimant was not disabled and ignoring evidence potentially supportive of Claimant's disability application."). However, post-DLI evidence about a plaintiff's long-standing condition "directly relates to [Plaintiff's] condition for the time period for which the benefits were denied." *Camacho v. Colvin*, 2017 WL 770613, at *24 (S.D.N.Y. Feb. 27, 2017) (alteration in original).

Here, the ALJ concluded that Plaintiff's "impairments could reasonably be expected to cause the alleged symptoms," however, "the claimant's statements

8

concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence." Tr. at p. 1773. The ALJ did note post-DLI records from 2022 to 2024 that showed significant improvement from steroid injections, but she also supported her finding that the Plaintiff "had the residual functional capacity to perform sedentary work" with the medical records available from the relevant period and Dr. Jenouri's February 2021 opinion. Tr. at pp. 1772-75. The ALJ found that a 2020 MRI showed "some disc bulging at L3-L4 and L5-S1." Tr. at p. 1769 (citing Tr. at p. 1033). She also found that 2021 "diagnostic imaging of the [lower] back . . . highlighted no more than mild issues" and "records [from 2021] describe a normal gait, no weakness and no sensory deficits." Tr. at p. 1773 (citing Tr. at pp. 1034 & 1344). She also considered a May 2021 examination that "demonstrated normal range of motion and no muscular tenderness." Tr. at p. 1774 (citing Tr. at p. 1034). These findings relied on records from before Plaintiff's first epidural injection on June 30, 2021, and before the DLI of December 31, 2021.

Further, the ALJ supported her findings with Dr. Jenouri's February 2021 examination of Plaintiff "that found a normal gait, normal station, the ability to rise from a chair without difficulty, somewhat limited range of motion of the back, somewhat limited range of motion of the neck, full strength in the upper/lower extremities and no sensory deficits." Tr. at p. 1773 (citing Tr. at pp. 1352-55). The ALJ noted that her

9

RFC determination was "based on the opinion of [Dr. Jenouri], and that this opinion is most persuasive." *Id.* Additionally, she stated that Plaintiff alleged disability partly due to "back issues" and considered his May 2021 statement "that his back pain is exacerbated by bending and standing" to inform her later determination that Plaintiff's "impairments could reasonably be expected to cause the alleged symptoms." *Id.* (citing Tr. at p. 1033).

However, the ALJ also consistently cited to medical evidence from after December 31, 2021, in support of her RFC determination. She stated that "[r]ecords from 2023 describe good range of motion of the lumbar spine" and "[r]ecent records note intact motor functioning and no sensory deficits." *Id.* She also notes from 2022 records that "[h]e has denied weakness and numbness of the lower extremities" and "[r]ecords describe a normal sit-to-stand, a normal gait, full strength in the lower extremities, no sensory deficits and forward flexion to 90 degrees without discomfort." *Id.* Additionally, the ALJ considered non-medical evidence from 2024 in determining the RFC, stating: "The claimant has been able to attend the gym several times a week, and he started working with a personal trainer." Tr. at p. 1774.

The ALJ's "RFC assessment must also include a narrative discussion . . . citing specific medical facts, and non-medical evidence." *Daniel J. Kijakazi*, 2022 WL 17177619, at *4 (N.D.N.Y. Nov. 23, 2022). However, it is unclear why the ALJ's

10

discussion included specific post-DLI evidence in addition to evidence from the relevant period. The ALJ must "build an accurate and logical bridge from the evidence to her conclusion to enable meaningful review," and here the Court is prevented from evaluating whether post-DLI evidence was considered for a proper purpose because such evidence is cited to without explanation as to how it relates back to the relevant period. *Natalie J. v. Comm'r of Soc. Sec.*, 2024 WL 3206183, at *10 (N.D.N.Y. June 11, 2024), *report and recommendation adopted*, 2024 WL 3202394 (N.D.N.Y. June 27, 2024). A remand is therefore warranted for clarification on why the ALJ evaluated post-DLI evidence and for what purpose that evidence was considered.

### B. Other Arguments

"Finding remand necessary for the reasons explained above, the Court need not and does not reach Plaintiff's remaining argument[s]." *Rowe v. Berryhill*, 2018 WL 4233702, at *5 (W.D.N.Y. Sept. 6, 2018). The Court will not decide on Plaintiff's other arguments regarding the medical opinions considered, the omission of a sit/stand option in the RFC, or the ALJ's mental RFC assessment at this time.

### C. Nature of Remand

Plaintiff seeks reversal for calculation of benefits or further administrative proceedings. Pl.'s Mem. of Law at p. 20. A remand solely for calculation of benefits is appropriate "when the record provides persuasive proof of disability and a remand for

11

further evidentiary proceedings would serve no purpose." *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980). Reversal for calculation of benefits is considered a "rare case." *Kyle P. v. Comm'r of Soc. Sec.*, 2022 WL 1659193, at *7 (N.D.N.Y. May 25, 2022); *see also Baldwin v. Astrue*, 2009 WL 4931363, *19 (S.D.N.Y. Dec. 21, 2009) (remanding only for benefits calculation "is an extraordinary action and is proper only when further development of the record would serve no purpose."). "Here, the record lacks persuasive proof of disability." *Philip B. v. Comm'r of Soc. Sec.*, 2024 WL 5454787, at *6 (N.D.N.Y. Oct. 24, 2024), *report and recommendation adopted*, 2025 WL 540372 (N.D.N.Y. Feb. 19, 2025). The Court has made no finding here that Plaintiff is clearly disabled, only that it is unclear whether the evaluation of his claim was consistent with applicable rules. Remand pursuant to sentence four, therefore, is the proper remedy. *Id.*

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **REVERSED** and the matter is **REMANDED pursuant to sentence four for further proceedings**; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated:  July 10, 2026
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

13